**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

SONGBIRD TECH, LLC,

          Plaintiff,

   v.

ZOHO CORPORATION,

          Defendant.

Case No. 1:26-cv-00282-ADA

**JURY TRIAL DEMANDED**

**DEFENDANT ZOHO CORPORATION'S ANSWER TO COMPLAINT**

Defendant Zoho Corporation ("Zoho"), by and through its attorneys, hereby answers the Complaint for Patent Infringement ("Complaint") of Plaintiff Songbird Tech, LLC ("Songbird") as follows:

**THE PARTIES**

1. Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1 of the Complaint and on that basis denies them.

2. Zoho admits the allegations in paragraph 2 of the Complaint.

**JURISDICTION AND VENUE**

3. Zoho admits that this Court has subject matter jurisdiction over actions for patent infringement.

4. Zoho admits, for the purposes of this action only, that this Court may exercise personal jurisdiction over Zoho and that Zoho has done business in this District. Zoho denies the remaining allegations in Paragraph 4 of the Complaint.

5. Zoho does not contest that venue may lie in this District for this case. Zoho further denies the remaining allegations of Paragraph 5 of the Complaint.

**THE PATENT-IN-SUIT**

6. Zoho admits that, on its face, the '787 Patent is entitled "Audio message driven customer interaction queuing system" and issued on September 2, 2014. Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 6 of the Complaint and on that basis denies them.

**THE ACCUSED PRODUCTS**

7. Zoho admits that, since 2024, it has sold and offered for sale a software product called Zoho Cliq. Zoho denies the remaining allegations in paragraph 7 of the Complaint.

8. Zoho admits that its software product Zoho Cliq is sold and offered for sale in the United States. Zoho denies the remaining allegations in paragraph 8 of the Complaint.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 8,825,787**

9. Zoho admits that Songbird purports to re-allege and incorporate the allegations of the preceding paragraphs of its Complaint and Zoho incorporates its responses thereto as if fully set forth herein.

10. Zoho admits that, on its face, the '787 Patent recites claim 10 as stated alleged in paragraph 10 of the Complaint.

11. Zoho denies the allegations in paragraph 11 of the Complaint.

12. Zoho admits that its product Zoho Cliq has voice messaging capability. Zoho denies the remaining allegations in paragraph 12 of the Complaint.

13. Zoho denies the allegations in paragraph 13 of the Complaint.

14. Zoho denies the allegations in paragraph 14 of the Complaint.

15. Zoho denies the allegations in paragraph 15 of the Complaint.

16. Zoho denies the allegations in paragraph 16 of the Complaint.

## PRAYER FOR RELIEF

Zoho denies that Songbird is entitled to any of the relief it seeks in the Complaint.

## JURY DEMAND

Zoho admits that Songbird purports to request a trial by jury.  Zoho also demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

17.     Zoho asserts the following defenses and affirmative defenses without assuming any burden of proof that rightfully should be on Songbird.  In addition to the defenses described below, Zoho specifically reserves all rights to assert additional defenses as additional information becomes available.  Furthermore, Zoho repeats and incorporates by reference each of its responses in the foregoing paragraphs as if fully set forth herein.

### First Defense (Non-Infringement)

18.     Zoho has not infringed and does not infringe any valid or enforceable claim of the '787 Patent (the "Patent-in-Suit" or "Asserted Patent"), whether directly, jointly, indirectly, literally, under the doctrine of equivalents, contributorily, by inducement, or in any way.

### Second Defense (Invalidity)

19.     The asserted claims of the Patent-in-Suit are invalid for failure to meet the requirements of one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Third Defense (Limitation on Damages and Costs)

20.     Songbird's claims for damages or costs, if any, are statutorily limited by 35 U.S.C. §§ 284, 285, 286, 287, and/or 288.

**Fourth Defense (Equitable Estoppel)**

21.    One or more of Songbird's claims against Zoho are barred, in whole or in part, by equitable doctrines, including the doctrines of waiver, acquiescence, unclean hands, equitable estoppel, inequitable conduct and/or other equitable doctrines.

**Reservation of Additional Defenses**

22.    Zoho reserves any and all additional defenses under Title 35, or the rules, regulations, and law related thereto, the Federal Rules of Civil Procedure, the rules of this Court, or otherwise in law or equity, now existing or later arising, as may be discovered.

## PRAYER FOR RELIEF

WHEREFORE, Zoho prays for the following relief and judgment:

A.    That Songbird take nothing by way of its Complaint and the same be dismissed with prejudice;

B.    That the Court enters a judgment declaring that Zoho has not infringed and does not infringe the Asserted Patents;

C.    That the Court enters a judgment declaring that the claims of the Asserted Patents are invalid;

D.    That all damages, costs, expenses, attorneys' fees, prejudgment and/or post judgment interest, and other relief sought by Songbird be denied; and

E.    That this case be declared exceptional pursuant to 35 U.S.C. § 285 and attorneys' fees and costs incurred in this action be awarded to Zoho; and that the Court award Zoho all other relief that the Court deems just and proper.

4

Dated: May 6, 2026

*/s/ Phillip J. Haack*
Ryan J. Marton (CA 223979, admitted *pro hac vice*)
Phillip J. Haack (CA 262060, admitted W.D. Tex.)
MARTON RIBERA SCHUMANN & CHANG LLP
548 Market Street, Suite 36117
San Francisco, CA 94104
Telephone:  (415) 360-2515
Email:       ryan@martonribera.com
             phaack@martonribera.com

Darryl J. Adams (Texas Bar No. 00796101)
SLAYDEN GRUBERT BEARD PLLC
401 Congress Ave., Ste. 1650
Austin, TX 78701
Tel: 512.402.3562
Email: dadams@sgbfirm.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 6, 2026, I electronically filed the foregoing document with the Clerk of the Court for the Western District of Texas using the ECF System, which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

*/s/ Phillip J. Haack*
Phillip J. Haack
